## Stewart & Whitesides v. Mackin.

(Decided September 24, 1914.)

Appeal from Marion Circuit Court.

Jury—Effect of Verdict.—The finding of fact by a jury where the evidence is conflicting, will not be interfered with by this court unless it is flagrantly against the weight of the evidence.

BEN SPALDING and S. A. RUSSELL for appellants.

H. S. McELROY for appellee.

OPINION OF THE COURT BY JUDGE CARROLL—Affirming.

The appellants, as plaintiffs below, brought this suit against the appellee to recover damages for the alleged fraud of appellee in the sale of a horse to them.

On a trial before a jury there was a verdict and judgment for appellee. The errors complained of are, that the verdict was flagrantly against the evidence; that the trial court committed error in admitting and rejecting evidence and in giving instructions.

The appellants, who lived in the South, were dealers in horses, and the appellee was a livery-stable man in Lebanon. It appears from the evidence that the appellant Whitesides came to Lebanon for the purpose of buying horses, and while there had his headquarters at the stable of appellee, where he had been in the habit of transacting

business on previous trips. The horse about which this litigation arose was owned by Dr. Moser and was purchased by Whitesides.

Whitesides testified that at the time he bought the horse, he thought he was buying him from Dr. Moser, but afterwards learned that appellee was the owner of the horse and that in truth the horse was bought from appellee. He said: "The Doctor drove the horse down. I looked at the horse hooked to harness and the Doctor drove him up and down the street for me, and finally I bought this horse over the phone from the Doctor, but it developed later that the horse belonged to Mr. Mackin. As I have said before, I bought this horse from Dr. Moser over the phone. Mr. Mackin introduced me to the Doctor and said, 'There is the horse for you to look at,' or something to that effect. He told me the horse belonged to this doctor."

Dr. Moser said that he sold the horse to appellee and not to Whitesides.

On the other hand, the appellee testifies that while he assisted in the sale of the horse to Whitesides, the horse, at the time of the sale, was owned by Moser and that Moser sold him.

The action to recover damages was predicated on the theory that this horse was a "ridgeling," and on account of this condition was not worth more than a half of what was paid for him, and in addition to this he injured very badly other horses that were shipped in the car with him from Danville to Atlanta, Georgia. The evidence shows very satisfactorily that both Moser and appellee had been informed before the sale that the horse was a "ridgeling," and that Whitesides was ignorant of this fact. It also appears that Moser believed the information to be true but that appellee did not. That the appellants were obliged to sell the horse on account of his condition for less than they paid for him, is undisputed, but the evidence is somewhat contradictory as to whether or not he injured the other horses in the car with him.

Two instructions were given by the court. In the first instruction, to which no objection was made by either party, the court told the jury, in substance, that if they believed from the evidence the defendant sold the horse in controversy to plaintiff, and at the time he knew the horse was a "ridgeling," and fraudulently concealed this fact from plaintiff, they should find for plaintiff in damages the difference between the market value of the horse

if he had been cleanly castrated and his market value as he was; and further instructed them that if they believed defendant knew it was the intention to ship the horse loose in a car with other horses, and that were injured by him, they should find for plaintiffs the amount they were damaged by the injury to the horses.

The second instruction, to which the plaintiff excepted, was merely the converse of the first instruction.

The instructions were substantially correct and we do not think prejudiced in a material way the rights of the plaintiff.

Complaint is made of the ruling of the court in admitting evidence as to statements made by plaintiffs tending to show that the injury to the other horses was caused by disease, or accidents that happened on the trip, but this evidence, which consisted merely of declarations alleged to have been made by the plaintiffs, was competent.

It is also urged that the court committed error in rejecting some evidence tending to show that the horse was a "ridgeling." But the failure to admit it was not prejudicial. It was merely cumulative, as there was other evidence tending to show the same fact.

As we look at the record, the real question in the case was whether Mackin or Moser owned and sold the horse to appellants. Upon this point there was direct conflict between the evidence of Moser and appellee, the only two witnesses who testified concerning this matter. Under all the circumstances, taken in connection with the statements of Whitesides, the jury might well have believed, and doubtless did, that the horse was owned and sold by Moser and not by appellee. The ownership of the horse being the pivotal point in the case, the jury had the right to accept on this point the evidence of appellee in preference to that of Moser, and the verdict cannot be said to be flagrantly against the evidence.

Wherefore, the judgment is affirmed.